## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. ANAIT SESI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 20-823 C |

### COMPLAINT

1. This is a civil action brought by an employee of the United States of America ("Defendant") in its Department of Veterans Affairs ("VA"). Plaintiff is employed in the Diagnostic Radiological Technologist series (occupational series 0647) at the San Francisco VA Medical System. She brings this case on behalf of herself and all others similarly situated. Plaintiff seeks to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

3. Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between the parties regarding actions and failures to act by Defendant under the FLSA and otherwise.

## THE PARTIES

4. Plaintiff is an employee of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

5. Attached to this Complaint as Exhibit A is Plaintiff's signed individual consent form to be included as a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff and others similarly situated are or have been employed by Defendant during periods from 2017 to date.

6. Defendant and its involved agency is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

7. Plaintiff Anait Sesi is employed by Defendant in the Diagnostic Radiological Technologist Series at the San Francisco VA Medical System and has been so employed since at least 2017. In this position, she has been classified as "exempt" from the FLSA and thus denied overtime pay.

8. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to its employees the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

9. Defendant and its officers and agencies willfully have violated, and continue willfully to violate, the provisions of the FLSA and the premium pay provisions of Title 5 of the U.S. Code by wrongfully and willfully failing and refusing to provide the Plaintiff and others

similarly situated with pay and benefits due to them under the FLSA and 5 U.S.C. §§ 5542, 5543, and 5545, and implementing regulations of Defendant.

10. Under the FLSA and Office of Personnel Management ("OPM") regulations, employees are presumed to be FLSA nonexempt, and Defendant carries the burden of demonstrating by clear and convincing evidence that Plaintiff and others similarly situated are FLSA exempt.

11. Nevertheless, since at least 2017, Defendant has considered and treated Plaintiff and others similarly situated as FLSA exempt, and has not accorded Plaintiff the rights and benefits to which FLSA non-exempt employees of Defendant are entitled, including the right to compensatory time or overtime pay at rates mandated by the FLSA for working in excess of 8 hours each day and/or 40 hours each week.

12. In addition, from at least 2012 to the present, Defendant has deprived Plaintiff and others similarly situated of night and weekend premium pay to which they are entitled during periods of authorized paid work.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of themselves and all others similarly situated ("the Class"), which is defined as follows: all individuals employed by the VA as Diagnostic Radiology Technicians (occupational code 0647) in a non-supervisory capacity who were classified as FLSA exempt between 2017 and the present.

14. Defendant misclassified members of the Class as FLSA exempt from 2017 to the present. As a result, the VA did not provide the employees compensatory time or overtime pay as required by the FLSA for work in excess of 8 hours each day and/or 40 hours each week.

15. These employees suffered the same legal violation under the same factual circumstances, attributable to Defendant, and seek the same remedies.

16. The overtime pay owed to members of the Class can be calculated using Defendant's payroll and employee data.

17. The amount of liquidated damages due to members of the Class can be calculated using Defendant's payroll and employee data.

18. A collective action would be the most efficient way to resolve their FLSA overtime claims, which involve the same questions of law and fact.

19. Defendant has the capacity to communicate with these employees, *e.g.*, through their government email addresses, for the purposes of providing notice of the collective action.

## COUNT ONE
**(Failure to Properly Compensate for Overtime under FLSA)**

20. Plaintiff incorporates by reference herein the allegations contained in the above paragraphs.

21. Defendant wrongfully and willfully denied Plaintiff and all other members of the Class coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week.

## COUNT TWO
**(Failure to Properly Compensate under Title 5)**

22. Plaintiff incorporates herein by reference the allegations contained in the paragraphs above.

23. From at least 2013 and continuing to date, Defendant has wrongfully and willfully withheld compensation due Plaintiff and all other members of the Class by failing and refusing

to pay them night and weekend premium pay, and otherwise depriving them of compensation to which they were entitled under, Title 5 of the U.S. Code, or otherwise.

## COUNT THREE
### (Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)

24. Plaintiff incorporates by reference herein the allegations contained in the paragraphs above.

25. As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiff and all other members of the Class various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

26. Employment, time, work, pay, leave and other records relating to Plaintiff are in the possession, control, and custody of Defendant and its officers and agents and Plaintiff are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them with respect to their individual claims. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to their employees from which the amounts of Defendant's liability to Plaintiff may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) Certify this case as a collective action and require Defendant to issue notice of this action to all members of the Class;

      b)      Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiff and all other Class members were and are employed by Defendant in a non-exempt capacity under the FLSA but have been wrongfully and willfully denied such status by Defendant; and

      c)      Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all back overtime wages, premium and other pay, leave, holiday, and excused and other paid absence compensation, and benefits, interest, and liquidated damages due and owing to Plaintiff and all other Class members as is sought herein from 2016 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

      d)      Award Plaintiff and all other Class members such back pay, premium pay, liquidated damages, and interest under the Back Pay Act from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and

      e)      Award Plaintiff reasonable attorneys' fees and costs to be paid by Defendant under the FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

      f)      Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

      g)      Grant any such other relief as the Court deems just and proper.

                                                  Respectfully submitted,

                                                 **/s/Daniel M. Rosenthal**
                                                 Daniel M. Rosenthal
                                                 Alice C. Hwang

JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com

Linda Lipsett
Bernstein & Lipsett, P.C.
1130 Connecticut Ave., N.W., Suite 950
Washington, D.C. 20036
(202) 296-1798
llipsett@bernstein-lipsett.com

*Attorneys for Plaintiff*

Dated: July 8, 2020

# EXHIBIT A

## EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT
### PLEASE TYPE OR PRINT CLEARLY

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover pay owed to me by my current or former employer. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims.

Name (Please Print): Anart Sesi

Signature: *Anart Sesi*

Date: 5/8/2020

## **CERTIFICATE OF SERVICE**

Pursuant to the Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.

Respectfully,

**/s/ Daniel M. Rosenthal**
Daniel M. Rosenthal

July 8, 2020